■ GRAND UNION COMPANY, Appellant, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES et al., Respondents. — In an action for a permanent injunction to enjoin alleged violations of a lease to certain real property, and for money damages, plaintiff tenant appeals from a judgment of the Supreme Court, Nassau County (Becker, J.), dated June 21, 1983 which, after a nonjury trial, dismissed the action as moot. ¶ Judgment reversed, with costs, and matter remitted to Special Term for (1) the reopening of the trial to take evidence on the issue of whether the subject property was restored to its preconstruction status prior to February 17, 1983, the date Special Term rendered its decision that the action was moot, (2) a new determination on that issue, and (3) entry of a new judgment in light of that determination. ¶ The plaintiff, operator of a supermarket, is a tenant in the Green Acres Shopping Center, under a lease entered into at the center's inception in 1955 for 15 years, renewable for three additional terms of five years. The center is owned by defendant Equitable Life Assurance Society, and managed by defendant Kravco, Inc. The dispute which gives rise to this lawsuit arises out of Equitable's construction of a 150,000 square foot addition to the center to house a Sears Roebuck Department Store and Tire, Battery and Accessory Center. At issue is Equitable's appropriation of between 50 to 60 parking spaces for construction-related activities and the blockage of certain access roads while construction was being accomplished. The plaintiff instituted this action for an injunction and damages. ¶ By written stipulation, entered into prior to trial, the parties agreed that plaintiff's claim for money damages would be discontinued without prejudice to commencement of another action and without costs. Only the question of whether plaintiff was entitled to a permanent injunction was tried before Special Term. The trial lasted for five days ending on October 8, 1982, after which the parties were given the opportunity to submit posttrial memoranda which apparently were submitted by the end of October, 1982. ¶ By order to show cause dated November 8, 1982, the defendants moved for an order "reopening the trial for the purpose of taking additional, pertinent testimony of Robert T. Girling", the president of Kravco, Inc. That application was opposed by the plaintiff. ¶ According to Mr. Girling's affidavit, defendants wanted to reopen the trial to submit further evidence

because: ¶ "Since the close of evidence in this case on October 8, 1982 it has become apparent to the defendants, who have been making every attempt to alleviate the impact of the aforesaid temporary interruptions on plaintiff, that the fence can, and therefore will be removed and the entire parking area repaved and restored to the *status quo* prior to construction no later than November 22, 1982. In addition, the so called 'access' to plaintiff's store which was also temporarily interrupted will also be restored to the *status quo* prior to construction by November 22, 1982. ¶ "3. The November 22 date set forth above, of course, is the date when the work will be completed provided no delays are encountered due to extraordinary circumstances such as acts of God, strikes or abnormal weather conditions. In other words, the November 22 date is a realistic good faith date provided that nothing drastic or unusual occurs which may have the effect of delaying said date". ¶ That motion remains undecided to this day. ¶ Thereafter, on February 17, 1983, without taking any additional evidence, Special Term rendered its decision, noting that "defendant [*sic*] sought leave to re-open for the purposes of putting in additional evidence concerning completion of construction work and the cessation of the complained of activities and the return of the appropriate parking spaces to active use, a claim which plaintiff does not dispute" and holding that plaintiff's action for a permanent injunction "has been rendered academic and should be dismissed as moot" because construction had been completed. ¶ Thereafter, plaintiff moved for an order, pursuant to CPLR 4404, setting aside the court's decision and rendering a new decision declaring the respective rights of the plaintiff and defendants under the lease. Plaintiff complained of the fact that the trial had never been reopened and no testimony taken on the restoration issue. ¶ Ultimately, Special Term signed the counterjudgment submitted on behalf of the defendants, which judgment was dated June 21, 1983. This appeal ensued. ¶ On appeal, the plaintiff correctly points out that between the date of the completion of the trial (Oct. 8, 1982) and the date of Special Term's decision (Feb. 17, 1983) absolutely no evidence was submitted upon which the court could have predicated its finding that the access roads and parking spaces of the subject shopping mall had been restored to their preconstruction status. In fact, the only mention of any such restoration appears in the affidavit of defendant Kravco, Inc.'s president submitted in support of the defendants' motion to reopen the trial. ¶ As noted above, the motion to reopen the trial was never decided by Special Term and Special Term erred when it considered and relied upon the allegations made dehors the record of the trial in dismissing the plaintiff's complaint. Even if it could be said that Special Term acted properly in considering the affidavit, that affidavit merely stated that November 22, 1982 was a target date by which the defendants hoped to complete construction. Clearly, the affidavit, without more, did not provide a sufficient basis for the court's conclusion to the effect that the restoration was completed prior to February 17, 1983, the date of its decision. In a word, the affidavit which was submitted after the trial was insufficient to support the finding made by Special Term which was based on it. ¶ In addition, plaintiff argues that Special Term erred when it stated that plaintiff had withdrawn its claim for damages prior to trial and had declined the court's offer to have the matter "re-opened for the purpose of submitting additional evidence with respect to any damages sustained because of defendant's [*sic*] activities". Plaintiff argues that it was error "to find that plaintiff refused to try damages". The defendants acknowledge that they entered into a stipulation with the plaintiff that no issue of damages would be tried in this case and claim that Special Term's reference to the issue was only to bolster "its determination that there was nothing to decide in this case and therefore that the action should be dismissed". In order to avoid any confusion we note that nothing in Special Term's

decision of February 17, 1983 impairs the plaintiff's right to commence another action for damages and the parties' stipulation with respect to plaintiff's claim for damages remains in full force and effect. Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.